1

2

3

4

5

6

7

8

9

Jordan L. Lurie (SBN 130013)
Jordan.Lurie@capstonelawyers.com
Tarek H. Zohdy (SBN 247775)
Tarek.Zohdy@capstonelawyers.com
Cody R. Padgett (SBN 275553)
Cody.Padgett@capstonelawyers.com
Trisha K. Monesi (SBN 303512)
Trisha.Monesi@capstonelawyers.com
Capstone Law APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone:     (310) 556-4811
Facsimile:     (310) 943-0396


Attorneys for Plaintiff
William Bass, Jr.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BASS, JR., individually, and on behalf of a class of similarly situated individuals,<br><br>          Plaintiff,<br><br>     v.<br><br>FACEBOOK, INC., a Delaware corporation,<br><br>          Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>(1)  Violations of Unfair Competition Law, California Business & Professions Code § 17200 *et seq.*<br>(2)  Violations of California's Customer Records Act, California Civil Code § 1798.80 *et seq.*<br>(3)  Negligence<br>(4)  Deceit by Concealment<br><br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

1.      Plaintiff William Bass, Jr. ("Plaintiff") brings this action for himself and on behalf of all persons who reside in the United States and who created an account with Facebook, Inc. ("Defendant" or "Facebook"), from four years prior to the filing of this complaint to the time of class certification, whose personal or financial information was accessed, compromised, or stolen in the 2018 Data Breach ("Facebook Users").

2.      Facebook requires its Users to provide personally identifiable information ("PII") upon creating an account via Defendant's website or mobile phone application and Users expect Defendant to maintain strict confidentiality of the PII in Facebook's possession. Throughout the course of its business, Facebook has collected and maintained an extensive amount of its Users' personal information including, without limitation, Users' names, email addresses, telephone numbers, dates of birth, credit card numbers, private messages, application permissions, locations, education and work history, and photographs.  However, on information and belief, Defendant failed, and continues to fail, to provide adequate protection of its Users' personal and confidential information and has egregiously failed to provide sufficient and timely notice or warning of potential and actual cybersecurity breaches to its Users.

3.      In an ongoing investigation, Facebook recently revealed that its Users' personal information was subject to a massive data security breach in September 2018, **affecting approximately 50 million Facebook Users' PII** ("2018 Data Breach").  Facebook released a statement on September 28, 2018, publicly exposing details of the 2018 Data Breach for the first time.  According to the statement and subsequent press call, Defendant learned of the data breach as early as September 16, 2018[1], but has not yet directly informed or notified Facebook Users that their PII may be compromised as a result of the breach.  Rather, Facebook states that it began "logging users out" on the evening of September 27, 2018, but

---

[1] "Afternoon Press Call," Facebook Newsroom, Sept. 28, 2018, *transcript available at* https://fbnewsroomus.files.wordpress.com/2018/09/9-28-afternoon-press-call.pdf (last visited Oct. 1, 2018).

did not provide Users with any reason for being logged out.  The statement further admitted that "attackers exploited a vulnerability in Facebook's code that impacted "View As" a feature that lets people see what their own profile looks like to someone else. This allowed them to steal Facebook access tokens which they could then use to take over people's accounts. Access tokens are the equivalent of digital keys that keep people logged in to Facebook so they don't need to re-enter their password every time they use the app."[2]  The vulnerability in Facebook's code was introduced in July 2017, and Facebook is currently unaware of how long hackers have had access since that time.[3]

4.      As a result of Defendant's failure to maintain adequate security measures and timely security breach notifications, Facebook Users' personal and private information has been compromised and remains vulnerable.  In fact, according to Facebook, they "have yet to determine whether those accounts were misused or any information accessed."[4]  Further, Facebook Users have suffered an ascertainable loss in that they must undertake additional security measures, some at their own expense, to minimize the risk of future data breaches including, without limitation, canceling credit cards associated with their Facebook accounts and changing passwords to Facebook, Instagram, and other linked accounts.  However, due to Facebook's ongoing and incomplete investigation, Facebook Users have no guarantee that the above security measures will in fact adequately protect their personal information.  As such, Plaintiff and other Class Members have an ongoing interest in ensuring that their personal information is protected from past and future cybersecurity threats.

**THE PARTIES**

5.      Plaintiff William Bass, Jr. ("Plaintiff") is a citizen of the state of California, residing in Los Angeles, California.  Plaintiff has been a Facebook User for the last four years and provided Defendant with PII including his name, account password, email address,

---

[2] "Security Update," Facebook Newsroom, *available at* https://newsroom.fb.com/news/2018/09/security-update/ (last visited Oct. 1, 2018).

[3] *See* https://techcrunch.com/2018/09/28/everything-you-need-to-know-about-facebooks-data-breach-affecting-50m-users/ (last visited Oct. 1, 2018).

[4] *Id.*

telephone number, date of birthday, locations, work and education history, and photographs.

6.     As of the date of filing of this complaint, Plaintiff has not been notified by Facebook regarding the data breach but has taken steps to secure his PII after learning of the breach through public news sources, including changing his Facebook account password. Plaintiff is informed and believes that his PII was compromised as a result of the 2018 Data Breach because his Facebook account was logged out by a party other than Plaintiff and, based on publicly available information, Plaintiff understands that those accounts affected by the breach were logged out by Facebook.  Plaintiff was further prompted by Facebook and Google to re-enter his login information.  However, Plaintiff never received a notification from Facebook regarding the Data Breach or that his account information and PII was compromised as a result of the breach.

7.     Defendant Facebook, Inc. ("Facebook") is a corporation organized and in existence under the laws of the State of Delaware and registered to do business in the State of California.  Facebook, Inc. Corporate Headquarters are located at 1601 Willow Rd., Menlo Park, California 94025.

8.     At all relevant times, Defendant was and is engaged in the business of operating a social networking website and mobile application in San Mateo County and throughout the United States of America.

**JURISDICTION**

9.     This is a class action.

10.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution or laws of the United States and the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) and (6), in that, as to each Class defined herein:

(a)     the matter in controversy exceeds $5,000,000.00, exclusive of interest and costs;

(b)     this is a class action involving 100 or more class members; and

(c)     this is a class action in which at least one member of the Plaintiff's class is a

1   citizen of a State different from at least one Defendant.

2       11.     The Court has personal jurisdiction over Defendant, which have at least

3   minimum contacts with the State of California because their headquarters are located there,

4   and they have conducted business there and have availed themselves of California's markets

5   through their social networking websites and mobile applications.

6                                           **VENUE**

7       12.     Facebook, through its social networking business, has established sufficient

8   contacts in this district such that personal jurisdiction is appropriate.  Defendant is deemed to

9   reside in this district pursuant to 28 U.S.C. § 1391(a).

10      13.     In addition, Defendant is headquartered in Menlo Park, California, has

11  conducted business in this district, and has availed itself of California's markets through its

12  marketing and operations of its social networking websites and mobile applications.  Venue is

13  proper in this Court pursuant to 28 U.S.C. § 1391(a).

14                                **FACTUAL ALLEGATIONS**

15      14.     Facebook created and operates social networking websites and mobile

16  applications that facilitate private and public communications, including messages, posts,

17  locations, activities, photographs, links, and videos, from and between its Users, as well as

18  providing access to certain account information to third party applications.  Facebook purports

19  to allow its users the ability to share and restrict information based on their own specific

20  criteria. By the end of 2017, Facebook had more than 2.2 billion active users.

21      15.     Facebook requires its Users to provide personally identifiable information

22  ("PII") upon creating an account via Defendant's website or mobile phone application and

23  Users expect Defendant to maintain strict confidentiality of the PII in Facebook's possession.

24  Throughout the course of its business, Facebook has collected and maintained an extensive

25  amount of its Users' personal information including, without limitation, Users' names, email

26  addresses, telephone numbers, dates of birth, credit card numbers, private messages,

27  application permissions, locations, education and work history, and photographs.  Facebook

28  Users provide this personal information to Facebook in reliance on Defendant's assurances as

to the protection and security of its Users' PII.

16.    However, on information and belief, Defendant failed, and continues to fail, to provide adequate protection of its Users' personal and confidential information and has egregiously failed to provide sufficient and timely notice or warning of potential and actual cybersecurity breaches to its Users.

17.    At all relevant times, Facebook has made several assurances to its Users that its Users' privacy and security is of utmost importance to Facebook, and its Users have relied on those assurances in providing Facebook with their PII.  In fact, Facebook's Data Policy represents to its Users that Facebook "Promote[s] safety, integrity, and security" by "us[ing] the information we have to verify accounts and activity, combat harmful conduct, detect and prevent spam and other bad experiences, maintain the integrity of our Products, and promote safety and security on and off of Facebook Products."[5]  Clearly, Facebook has failed to provide the security consistently promised to its Users.  For example, prior to the 2018 Data Breach, Facebook guaranteed its Users that it was "putting stronger protections in place to prevent future abuse of our platform."[6]

18.    The types of information compromised in the 2018 Data Breach are highly valuable to identity thieves. The names, email addresses, recovery email accounts, telephone numbers, dates of birth, passwords, security question answers, and other valuable PII can all be used to gain access to a variety of existing accounts and websites.

19.    Despite these assurances, Facebook recently revealed that its Users' personal information was subject to a massive data security breach.  Facebook released a statement on September 28, 2018, publicly exposing details of the 2018 Data Breach for the first time.  According to the statement and subsequent press call, Defendant learned of the data breach as early as September 16, 2018[7], but has not yet directly informed or notified Facebook Users

---

[5] Facebook, *Data Policy,* https://www.facebook.com/privacy/explanation (last visited Oct. 1, 2018).

[6] Facebook Help, *How is Facebook working to keep its community safe?*, *available at* https://www.facebook.com/help/208040513126776?helpref=popular_topics (last visited Oct. 1, 2018).

[7] "Afternoon Press Call," Facebook Newsroom, Sept. 28, 2018, *transcript available at*

that their PII may be compromised as a result of the breach.  Rather, Facebook states that it began "logging users out" on the evening of September 27, 2018 but did not provide Users with any reason for being logged out.  The statement further admitted that "attackers exploited a vulnerability in Facebook's code that impacted "View As" a feature that lets people see what their own profile looks like to someone else. This allowed them to steal Facebook access tokens which they could then use to take over people's accounts. Access tokens are the equivalent of digital keys that keep people logged in to Facebook so they don't need to re-enter their password every time they use the app."[8]  The vulnerability in Facebook's code was introduced in July 2017, and Facebook is currently unaware of how long hackers have had access since that time.[9]

20.     As a result of Defendant's failure to maintain adequate security measures and timely security breach notifications, Facebook Users' personal and private information has been compromised and remains vulnerable.  In fact, according to Facebook, they "have yet to determine whether those accounts were misused or any information accessed."[10]  Further, Facebook Users have suffered an ascertainable loss in that they must undertake additional security measures, some at their own expense, to minimize the risk of future data breaches including, without limitation, canceling credit cards associated with their Facebook accounts and changing passwords to Facebook, Instagram, and other linked accounts.  However, due to Facebook's ongoing and incomplete investigation, Facebook Users have no guarantee that the above security measures will in fact adequately protect their personal information.  As such, Plaintiff and other Class Members have an ongoing interest in ensuring that their personal information is protected from past and future cybersecurity threats.

21.     The insufficient security policies and procedures implemented by Defendant is

---

https://fbnewsroomus.files.wordpress.com/2018/09/9-28-afternoon-press-call.pdf (last visited Oct. 1, 2018).

[8] "Security Update," Facebook Newsroom, *available at* https://newsroom.fb.com/news/2018/09/security-update/ (last visited Oct. 1, 2018).

[9] *See* https://techcrunch.com/2018/09/28/everything-you-need-to-know-about-facebooks-data-breach-affecting-50m-users/ (last visited Oct. 1, 2018).

[10] *Id.*

a material fact that a reasonable consumer would consider when deciding whether to create an account and provide Defendant with personal and confidential information.  Had Plaintiff and other Class Members known that Defendant failed to employ necessary and adequate protection of their personal information, they would not have created a Facebook account or limited the PII shared with Facebook. In fact, Plaintiff and other Class Members relied on Facebook's "Privacy Principles" ensuring that "We work around the clock to help protect people's accounts, and we build security into every Facebook product. Our security systems run millions of times per second to help catch threats automatically and remove them before they ever reach you."[11]

## CLASS ACTION ALLEGATIONS

22.     Plaintiff brings this lawsuit as a class action on behalf of himself and all others similarly situated as members of the proposed Class pursuant to pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), 23(b)(3), and 23(c)(4). This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

23.     The Class is defined as:

**Nationwide Class**:  All individuals residing in the United States who registered for an account, at any time, from four years prior to the filing of this complaint to the time of class certification, with Facebook whose personal or financial information was accessed, compromised, or stolen in the 2018 Data Breach (the "Nationwide Class" or "Class").

**California Sub-Class:** All members of the Nationwide Class who registered for an account with Facebook and reside in the State of California.

24.     Collectively, the Nationwide Class and the California Sub-Class, and their class members, will be referred to herein as the "Class" and "Class Members," except where otherwise noted.

25.     Excluded from the Class are: (1) Defendant, any entity or division in which Defendant has a controlling interest, and their legal representatives, officers, directors,

---

[11] https://www.facebook.com/about/basics/privacy-principles

assigns, and successors; (2) the Judge to whom this case is assigned and the Judge's staff; (3) any Judge sitting in the presiding state and/or federal court system who may hear an appeal of any judgment entered; and (4) those persons who have suffered personal injuries as a result of the facts alleged herein.  Plaintiff reserves the right to amend the Class and Sub-Class definition if discovery and further investigation reveal that the Class should be expanded or otherwise modified.

26.    Numerosity:  Although the exact number of Class Members is uncertain and can only be ascertained through appropriate discovery, the number is great enough such that joinder is impracticable.  The disposition of the claims of these Class Members in a single action will provide substantial benefits to all parties and to the Court.  The Class Members are readily identifiable from information and records in Defendant's possession, custody, or control.

27.    Typicality:  Plaintiff's claims are typical of the claims of the Class in that Plaintiff, like all Class Members, have maintained a Facebook account throughout the duration of the class period.  The representative Plaintiff, like all Class Members, has been damaged by Defendant's misconduct in that they have had to undertake additional security measures, at their own time and expense, to minimize the risk of future data breaches. Furthermore, the factual bases of Defendant's misconduct are common to all Class Members and represent a common thread resulting in injury to all Class Members.

28.    Commonality:  There are numerous questions of law and fact common to Plaintiff and the Class that predominate over any question affecting only individual Class Members.  These common legal and factual issues include the following:

(a)    Whether Defendant owed a duty of care to Plaintiff and Class Members with respect to the security of their personal information;

(b)    Whether Defendant had a legal and/or contractual duty to use reasonable security measures to protect Plaintiff's and Class Members' personal information;

(c)    Whether Defendant took reasonable steps and measures to safeguard Plaintiff's and Class Members' personal information;

(d)     Whether Defendant breached its duty to exercise reasonable care in handling Plaintiff's and Class Members' personal information;

(e)     Whether Defendant's acts and omissions described herein give rise to claims of negligence and/or deceit by concealment;

(f)     Whether Defendant's security procedures and practices violated *California Business & Professions Code* §§ 17200 *et seq.*;

(g)     Whether Defendant's security procedures and practices violated *California Civil Code* §§ 1798.90 *et seq.;*

(h)     Whether Defendant knew or should have known of the 2018 Data Breach and when they knew or should have known;

(i)     Whether Defendant had a duty to promptly notify Class Members that their personal information was, or potentially could be, compromised; and

(j)     Whether Plaintiff and other Class Members are entitled to damages or equitable relief, including but not limited to, a preliminary and/or permanent injunction.

29.     <u>Adequate Representation</u>:  Plaintiff will fairly and adequately protect the interests of the Class Members.  Plaintiff has retained attorneys experienced in the prosecution of complex class actions, including consumer and product defect class actions, and Plaintiff intends to prosecute this action vigorously.

30.     <u>Predominance and Superiority</u>:  Plaintiff and Class Members have all suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law.  Because of the relatively small size of the individual Class Members' claims, it is likely that only a few Class Members could afford to seek legal redress for Defendant's misconduct.  Absent a class action, Class Members will continue to incur damages, and Defendant's misconduct will continue without remedy.  Class treatment of common questions of law and fact would also be a superior method to multiple individual

actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants and will promote consistency and efficiency of adjudication.

### FIRST CAUSE OF ACTION

### (Violation of California Business & Professions Code § 17200, *et seq.*)

31.     Plaintiff incorporates by reference the allegations contained in each and every paragraph of this Complaint.

32.     Plaintiff brings this cause of action on behalf of himself and on behalf of the Nationwide Class, or in the alternative, on behalf of the California Sub-Class.

33.     As a result of their reliance on Defendant's representations and omissions, Facebook Users utilizing its social networking websites and mobile applications suffered an ascertainable loss due to Defendant's failure to provide adequate protection of its Facebook Users' personal and confidential information and failure to provide sufficient and timely notice or warning of potential and actual cybersecurity breaches.

34.     California Business & Professions Code § 17200 prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising."

35.     Plaintiff and Class Members are reasonable consumers who expected Defendant to vehemently protect the personal information entrusted to them and to be informed by Defendant of potential and actual cybersecurity vulnerabilities as soon as Defendant became aware of such threat.

36.     Defendant's acts and omissions were intended to induce Plaintiff and Class Members' reliance on Defendant's explicit and implied guarantee that their personal information was secure and protected, to increase the number of Facebook Users, and, ultimately, to increase Defendant's revenues. Plaintiff and the Class Members were deceived by Defendant's failure to properly implement adequate, commercially reasonable security measures to protect their personal information, and Defendant's failure to promptly notify them of the security breach.  As a result, Defendant's conduct constitutes "fraudulent" business acts or practices.

37.    Defendant's conduct was and is likely to deceive consumers.

38.    In failing to implement adequate security procedures and protocols to protect Plaintiff and Class Members' personal information and promptly notify Plaintiff and Class Members of potential and actual security threats, Defendant has knowingly and intentionally concealed material facts and breached its duty not to do so.

39.    Defendant was under a duty to Plaintiff and Class Members to protect Facebook Users' personal information and promptly notify Facebook Users of potential and actual security threats, and other omitted facts alleged herein, because:

(a)    Defendant was in a superior position to know the specifics of a potential or actual security breach; and

(b)    Defendant actively concealed information known to it regarding potential and actual security breaches affecting Facebook Users' account information.

40.    The facts Defendant concealed from or did not disclose to Plaintiff and Class Members are material in that a reasonable person would have considered them to be important in deciding whether to utilize Defendant's social networking websites and mobile applications or cancel, change or otherwise modify their account information.  Had Plaintiff and other Class Members known that Defendant failed to employ necessary and adequate protection of their personal information and would fail to timely notify them of potential security breaches, they would not have created a Facebook account or would not have provided PII to Facebook.

41.    By their conduct, Defendant has engaged in unfair competition and unlawful, unfair and fraudulent business practices.  Defendant's unfair or deceptive acts or practices occurred repeatedly in Defendant's trade or business and were capable of deceiving a substantial portion of the purchasing public.

42.    As a direct and proximate result of Defendant's unlawful, unfair and deceptive practices, Plaintiff and Class Members will continue to suffer actual damages.

43.    Defendant has been unjustly enriched and should be required to make restitution to Plaintiffs and Class Members pursuant to §§ 17203 and 17204 of the California Business & Professions Code.

**SECOND CAUSE OF ACTION**

**(Violation of the California Customer Records Act,**

**California Civil Code § 1798.80, *et seq.*)**

44.     Plaintiff incorporates by reference the allegations contained in each and every paragraph of this Complaint.

45.     Plaintiff brings this cause of action on behalf of himself and on behalf of the California Sub-Class.

46.     The California Legislature enacted Civil Code § 1798.81.5 "to ensure that personal information about California residents is protected."  The statute requires that any business that "owns, licenses, or maintains personal information about a California resident … implement and maintain reasonable security procedures and practices appropriate to the nature of the information, to protect the personal information from unauthorized access, destruction, use, modification, or disclosure."

47.     Defendant is a "business" as defined by Civil Code § 1798.80(a).

48.     Plaintiff and California Sub-Class Members are "individual[s]" as defined by Civil Code § 1798.80(d).

49.     The personal information taken in the data breach was "personal information" as defined by Civil Code § 1798.80(e) and 1798.81.5(d), which includes "information that identifies, relates to, describes, or is capable of being associated with, a particular individual, including, but not limited to, his or her name, signature, Social Security number, physical characteristics or description, address, telephone number, passport number, driver's license or state identification card number, insurance policy number, education, employment, employment history, bank account number, credit card number, debit card number, or any other financial information, medical information, or health insurance information."

50.     The breach of the personal information of "50 million Facebook users" was a "breach of the security system" of Defendant as defined by Civil Code § 1798.82(g).

51.     By failing to implement reasonable security measures appropriate to the nature of the personal information of Facebook Users, Defendant violated Civil Code § 1798.81.5.

52.     In addition, by failing to immediately notify all affected Facebook Users that their personal information had been acquired or may have been acquired by unauthorized persons in the data breach, Defendant violated Civil Code § 1798.82.  Defendant's failure to immediately notify Facebook Users of the breach caused Class Members to suffer damages because they have lost the opportunity to immediately: (i) buy identity protection, monitoring, and recovery services; (ii) flag asset, credit, and tax accounts for fraud, including reporting the theft of their Social Security numbers to financial institutions, credit agencies, and the Internal Revenue Service; (iii) purchase or otherwise obtain credit reports; (iv) monitor credit, financial, utility, explanation of benefits, and other account statements on a monthly basis for unrecognized credit inquiries, Social Security numbers, home addresses, charges, and/or medical services; (v) place and renew credit fraud alerts on a quarterly basis; (vi) routinely monitor public records, loan data, or criminal records; (vii) contest fraudulent charges and other forms of criminal, financial and medical identity theft, and repair damage to credit and other financial accounts; and (viii) take other steps to protect themselves and recover from identity theft and fraud.

53.     Because they violated Civil Code § 1798.81.5 and 1798.82, Defendant "may be enjoined" under Civil Code § 1798.84(e).

54.     Plaintiff requests that the Court enter an injunction requiring Defendant to implement and maintain reasonable security procedures to protect its Users' personal information, including, but not limited to, ordering that Defendants:

(a)     engage third party security auditors/penetration testers as well as internal security personnel to conduct testing consistent with prudent industry practices, including simulated attacks, penetration tests, and audits on Defendant's systems on a periodic basis;

(b)     engage third party security auditors and internal personnel to run automated security monitoring consistent with prudent industry practices;

(c)     audit, test, and train its security personnel regarding any new or modified procedures;

(d)     purge, delete and destroy, in a secure manner, Facebook Users data not

necessary for its business operations;

(e)      conduct regular database scanning and securing checks consistent with prudent industry practices;

(f)      periodically conduct internal training and education to inform internal security personnel how to identify and contain a breach when it occurs and what to do in response to a breach consistent with prudent industry practices;

(g)      receive periodic compliance audits by a third party regarding the security of the computer systems, cloud-based services, and application software Defendant uses to store the personal information of current and former Facebook Users;

(h)      meaningfully educate its current and former Facebook Users about the threats they face as a result of the loss of their personal information to third parties, as well as the steps they must take to protect themselves; and

(i)      provide ongoing identity theft protection, monitoring, and recovery services to Plaintiff and Class Members.

55.      As a result of Defendant's violation of Cal. Civ. Code § 1798.81.5, Plaintiff and Class Members have incurred and will incur damages, including but not necessarily limited to: (1) the loss of the opportunity to control how their personal information is used; (2) the diminution in the value and/or use of their personal information entrusted to Defendant for the purpose of deriving services from Defendant and with the understanding that Defendant would safeguard their personal information against theft and not allow access and misuse of their personal information by others; (3) the compromise, publication, and/or theft of their personal information; (4) out-of-pocket costs associated with the prevention, detection, and recovery from identity theft and/or unauthorized use of financial and medical accounts; (5) lost opportunity costs associated with effort expended and the loss of productivity addressing and attempting to mitigate the actual and future consequences of the breach, including but not limited to efforts spent researching how to prevent, detect, contest and recover from identity data misuse; (6) costs associated with the ability to use credit and assets frozen or flagged due to credit misuse, including complete credit denial and/or increased costs to use credit, credit

scores, credit reports and assets; (7) unauthorized use of compromised personal information to open new financial and/or health care or medical accounts; (8) tax fraud and/or other unauthorized charges to financial, health care or medical accounts and associated lack of access to funds while proper information is confirmed and corrected; (9) the continued risk to their personal information , which remain in Defendant's possession and are subject to further breaches so long as Defendant fails to undertake appropriate and adequate measures to protect the personal information in their possession; and (10) future costs in terms of time, effort and money that will be expended, to prevent, detect, contest, and repair the impact of the personal information compromised as a result of the data breach for the remainder of the lives of the Class Members.

56.     Plaintiff seeks all remedies available under Civil Code § 1798.84, including actual and statutory damages, equitable relief, and reasonable attorneys' fees. Plaintiff also seek reasonable attorneys' fees and costs under applicable law including California Code of Civil Procedure § 1021.5.

**THIRD CAUSE OF ACTION**

**(Negligence)**

57.     Plaintiff incorporates by reference the allegations contained in each and every paragraph of this Complaint.

58.     Plaintiff bring this cause of action on behalf of himself and on behalf of the Nationwide Class.

59.     Defendant owed a duty to Plaintiff and Class Members to exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting and protecting their personal information in their possession from being compromised, lost, stolen, accessed and misused by unauthorized persons.  This duty included, among other things, designing, implementing, maintaining and testing Defendant's security systems and protocols, consistent with industry standards and requirements, to ensure that Plaintiff's and Class Members' personal information in Defendant's possession was adequately secured and protected.  Defendant further owed a duty to Plaintiff and Class Members to implement processes that would detect

a breach of its security system in a timely manner and to timely act upon warnings and alerts, including those generated by its own security systems.

60.     Defendant owed a duty of care to Plaintiff and Class Members because they were foreseeable and probable victims of any inadequate security practices.  Defendant solicited, gathered, and stored the personal data provided by Plaintiff and Class Members in the regular course of its business.  Defendant knew that a breach of its systems would cause damages to Plaintiff and Class Members, and Defendant had a duty to adequately protect such sensitive personal information.

61.     Similarly, Defendant owed a duty to Plaintiff and Class Members to timely disclose any incidents of data breaches, where such breaches compromised the personal information of Plaintiff and Class Members.  Plaintiff and Class Members were foreseeable and probable victims of any inadequate notice practices. Defendant knew that, through its actions and omissions, it had caused the sensitive personal information of Plaintiff and Class Members to be compromised and accessed by unauthorized third parties yet failed to mitigate potential harm to Facebook Users by providing timely notice of the security breach.

62.     Defendant breached the duties owed to Plaintiff and Class Members by failing to exercise reasonable care in the adoption, implementation, and maintenance of adequate security procedures and protocols and by failing to timely notify Plaintiff and Class Members of potential and actual security breaches.  Defendant's breach of the duties owed to Plaintiff and Class Members caused injuries to Plaintiff and Class Members, including but not limited to a) theft of their personal information; b) costs associated with the detection and prevention of identity theft; c) costs associated with time spent and the loss of productivity from taking time to address and attempt to ameliorate and mitigate the actual and future consequences of the aforementioned data breaches, including without limitation finding fraudulent charges, cancelling and reissuing credit cards and bank accounts, purchasing credit monitoring and identity theft protection, and the stress, nuisance and annoyance of dealing with all issues resulting from the data breaches; d) the imminent and impending injury flowing from potential fraud and identity theft posed by the unauthorized control and use of their personal

information by third parties; e) damages to and diminution in value of their personal information entrusted to Defendants with the understanding that Defendants would safeguard their data against theft and not allow access and misuse of their data by others; and f) the continued risk to their personal information, which remains in Defendant's and which is subject to further breaches so long as Defendant fails to undertake appropriate and adequate measures to protect data in their possession.

63.     But for Defendant's negligent and wrongful breach of the duties owed to Plaintiff and Class Members, Plaintiff and Class Members would not have been harmed and could have taken remedial measures to protect their personal information.

64.     Plaintiff and Class Members are entitled to and seek actual damages and reasonable attorneys' fees and costs.

## FOURTH CAUSE OF ACTION

### (Deceit by Concealment, Cal. Civ. Code §§ 1709, 1710)

65.     Plaintiff incorporates by reference the allegations contained in each and every paragraph of this Complaint.

66.     Plaintiff brings this cause of action on behalf of himself and on behalf of the California Sub-Class.

67.     Defendant had an obligation to disclose to all class members that their Facebook accounts and PII were an easy target for hackers and Defendant was not implementing measures to protect them.

68.     Defendant did not do these things. Instead, Defendant willfully deceived Plaintiff and the Class by concealing the true facts concerning their data security, which Defendant was obligated to, and had a duty to, disclose. Additionally, Facebook made numerous representations following the prior exposures to ensure users that their PII and other data was safe, and Facebook was dedicated to maintaining that security.

69.     Had Defendant disclosed the true facts about its poor data security, Plaintiff and the Class would have taken measures to protect themselves. Plaintiff and the Class justifiably relied on Defendant to provide accurate and complete information about

Defendant's data security, and Defendant did not.

70.     Alternatively, given the security holes in Defendant's services and Defendant's refusal to take measures to detect those holes, much less fix them, Defendant simply should have shut down their current service. Independent of any representations made by Defendant, Plaintiff and the Class justifiably relied on Defendant to provide a service with at least minimally adequate security measures and justifiably relied on Defendant to disclose facts undermining that reliance.

71.     Rather than cease offering a clearly unsafe and defective service or disclosing to Plaintiff and the Class that its services were unsafe and users' PII was exposed to theft on a grand scale, Defendant continued on and concealed any information relating to the inadequacy of their security.

72.     These actions are "deceit" under Cal. Civil Code § 1710 in that they are the suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact.

73.     As a result of this deceit by Defendant, it is liable under Cal. Civil Code § 1709 for "any damage which [Plaintiff and the Class] thereby suffer[]."

74.     As a result of this deceit by Defendant, the PII of Plaintiff and the Class were compromised, placing them at a greater risk of identity theft and subjecting them to identity theft, and their PII was disclosed to third parties without their consent. Plaintiff and Class Members also suffered diminution in value of their PII in that it is now easily available to hackers on the Dark Web. Plaintiff and the Class have also suffered consequential out of pocket losses for procuring credit freeze or protection services, identity theft monitoring, and other expenses relating to identity theft losses or protective measures.

75.     Defendant's deceit as alleged herein is fraud under Civil Code § 3294(c)(3) in that it was deceit or concealment of a material fact known to the Defendant conducted with the intent on the part of Defendant of depriving Plaintiff and the Class of "legal rights or otherwise causing injury." As a result, Plaintiff and the Class are entitled to punitive damages against Defendants under Civil Code § 3294(a).

**RELIEF REQUESTED**

76.     Plaintiff, on behalf of himself, and all others similarly situated, requests the Court enter judgment against Defendant, as follows:

      (a)    An order certifying the proposed Class, designating Plaintiff as named representatives of the Class, and designating the undersigned as Class Counsel;

      (a)    An order enjoining Defendant from further unfair and deceptive business practices regarding the maintenance and protection of Facebook Users' personal information;

      (b)    An award to Plaintiff and the Class for compensatory, exemplary, and statutory damages, including interest, in an amount to be proven at trial;

      (c)    A declaration that Defendant must disgorge, for the benefit of the Class, all or part of the ill-gotten revenues they collected from their conduct alleged herein, or make full restitution to Plaintiff and Class Members;

      (d)    An award of attorneys' fees and costs, as allowed by law;

      (e)    An award of attorneys' fees and costs pursuant to California Code of Civil Procedure § 1021.5;

      (f)    An award of pre-judgment and post-judgment interest, as provided by law; and

      (g)    Such other relief as may be appropriate under the circumstances.

**DEMAND FOR JURY TRIAL**

77.     Pursuant to Federal Rule of Civil Procedure 38(b) and Northern District of California Local Rule 3-6, Plaintiff demands a trial by jury of any and all issues in this action so triable.

CLASS ACTION COMPLAINT

Dated:  October 1, 2018

Respectfully submitted,

Capstone Law APC


By: /s/ Jordan Lurie
     Jordan L. Lurie
     Tarek H. Zohdy
     Cody R. Padgett
     Trisha K. Monesi

     Attorneys for Plaintiff William Bass, Jr.